not concern the plaintiff, unless by that means some of her prop-
erty rights or interests may be brought in question; and until then
she has no legal cause of complaint to support relief upon the
charges in the complaint, within the doctrine of the Clifford Case.
The question of the identity of the plaintiff as the wife of Hodeck-
er, except so far as it may relate to consequences of her survival
of him, is merely a social one, and cannot prejudice her legal rights
as widow, such as they may be, in the event she survives him. Un-
til then the matters alleged in the complaint present moral ques-
tions, for consideration only in the tribunal of conscience.

My examination of the case leads me to the conclusion that the
facts alleged in the complaint do not support a cause of action,
and therefore judgment is directed for the defendant.

---

### TURNER v. BAYLES et al.

(Supreme Court, Appellate Division, Second Department. May 8, 1896.)

PLEADING—COMPLAINT—SINGLE CAUSE OF ACTION.

    A complaint against a corporation and its promoters, who were also the
managing officers, alleged that the individual defendants represented
that the corporation had been duly organized, and was engaged in a
paying business; that the capital stock had been substantially all taken.
but that a limited number of shares had been reserved, to be offered
to certain business men in the vicinity; that certain full-paid stock was
to be divided as a bonus among subscribers; that, relying on such rep-
resentations, plaintiff subscribed for 20 shares of stock; that the repre-
sentations were false; that the corporation was not engaged in any
business whatever; that half its capital stock had not been taken; that
the individual defendants at the time of the representations were presi-
dent and secretary, respectively, of the corporation; that the stock had
been issued at less than its par value, for certain patent rights; that
plaintiff tendered back the certificate of stock issued to him, and de-
manded a rescission of his agreement to take stock. The complaint
asked judgment that plaintiff's subscription be canceled, that defendants
account to him for money paid on account of such subscription, and
that defendants be enjoined from incurring any liabilities of said corpora-
tion while retaining plaintiff's subscription. *Held*, that the complaint
stated but a single cause of action, which was one in equity for rescis-
sion of plaintiff's subscription, and for damages in case rescission should
be decreed.

Appeal from special term, Kings county.

Action by J. Spencer Turner against James C. Bayles and others
for the rescission of a subscription by plaintiff for 20 shares of the
capital stock of defendant Sanitary Security Company, for an ac-
counting, and for the recovery of the money paid on account of such
subscription. From an interlocutory judgment entered on a decision
overruling a demurrer to the complaint, defendant Bayles appeals.
Affirmed.

The facts alleged in the complaint were as follows:

First. That on or about January 19, 1895, defendants James C. Bayles
and Edward A. Sumner were engaged in promoting a corporation, the de-
fendant the Sanitary Security Company. That theretofore defendant Bayles
represented to plaintiff that the corporation had been duly incorporated;
that it had then entered upon the transaction of business; that the capital

stock of the company had been substantially all taken, but that a limited number of shares had been reserved, which the said promoters desired taken by business men residing in Brooklyn; that the stock was so far taken, and was in such demand, that $1,000 only in par thereof could be had by the plaintiff; that certain lawfully issued and full-paid stock was so controlled by the corporation that it would be divided and distributed as a bonus, so that, upon paying the amount of the par value in cash for such stock as plaintiff might subscribe for, he would receive certain additional shares as such bonus; and that certain well-known men were sub-scribers to the stock.

Second. That, in reliance on said representations, plaintiff on or about January 19, 1895, subscribed for 20 shares of stock of said corporation, of the par value of $50 per share, and paid $500 thereon.

Third. That the representations so made were false and untrue, in that half the capital stock of the company had not been subscribed, that it had not lawfully engaged in any business whatever, that no certificate had been filed stating that one-half of its capital stock had been subscribed, and that the persons referred to in the first paragraph were not subscribers to the stock, but that the stock had been bestowed on them gratuitously to induce and qualify them to act as directors.

Fourth. That, at the time of such representations, defendants Bayles and Sumner were president and secretary, respectively, of such corporation, and were acting within the scope of their agency for said corporation; that, besides making false representations, they wrongfully concealed from plaintiff material facts, which, if made known, would have led plaintiff to refrain from making such subscription; and that said defendants made such false representations, and concealed said material facts, with the intent that plaintiff might be misled and deceived.

Fifth. On information and belief, that the stock was issued for less than the par value, for patent rights, and that afterwards Bayles and Sumner filed a certificate setting forth that one-half the capital stock of the company had been in good faith subscribed, whereas only one-fifth had been lawfully subscribed.

Sixth. On information and belief, that the certificate of the corporation was filed more than one year and thirty days after the incorporation, but one-half the capital stock was not paid in within one year, and no certificate had been made of the fact of such payment, by reason whereof said corporation has become subject to dissolution.

Seventh. On information and belief, said corporation and said defendants Bayles and Sumner, notwithstanding the facts set forth in the foregoing paragraphs, are continuing business as of such corporation, and are incurring liabilities, and are claiming and asserting that plaintiff is a subscriber to its stock, and that plaintiff's name is suffered to remain on the books as subscriber so as to appear to creditors to make plaintiff liable to them as such stockholder; that the commission and continuance of such acts during the pendency of the action will produce injury to plaintiff; that plaintiff has tendered back to said corporation all certificates of stock in said corporation, and he duly demanded a rescission of his agreement to take said stock, and the return to him of the money paid on account.

Wherefore plaintiff asks judgment that subscription made by him for said stock of said Sanitary Security Company be canceled and adjudged null; that defendants account to plaintiff, and pay over $500 paid in by him on account of such subscription; that defendants be enjoined and restrained from incurring any liabilities of said corporation while retaining plaintiff's subscription; and for such other and further relief as may be just, besides costs.

## The opinion of Mr. Justice CLEMENT at special term is as follows:

The complaint in this case, in my opinion, states but a single cause of action, to wit, one in equity for rescission of a subscription for stock, and for damages in case rescission is decreed. In the prayer for relief an injunction also is asked against all the defendants, restraining them from incurring any liabilities of said corporation during the time plaintiff is a subscriber of

record. This claim is based on the facts set forth in the seventh paragraph in the complaint. For this reason the defendants Bayles and Sumner are proper parties to the action.

In the prayer it is asked by plaintiff "that the defendants account to plaintiff, and pay over the $500 paid in by him on account of such subscription." If plaintiff had only asked that the defendant the Sanitary Security Company account, etc., the complaint would not be open to objection, even if defendant is correct in his contention that Bayles and Sumner are not liable in this action to account to plaintiff. The demurrer is taken by reason of a single claim in the prayer for relief. Conceding that the plaintiff has asked for greater relief than he is entitled to, the defendant cannot demur on the ground that two causes of action are improperly united. As said before, there is only one cause of action set up in the complaint, and that is equitable. If the plaintiff fails on the trial to make out a cause of action in equity against Bayles and Sumner, he cannot then recover on a cause of action purely legal. His complaint will be dismissed, or at least no relief will be given against them. Bradley v. Aldrich, 40 N. Y. 504; Wheelock v. Lee, 74 N. Y. 495, 500. If the relief demanded is incorrect or excessive, it is not good ground for demurrer. Emery v. Pease, 20 N. Y. 62; Wetmore v. Porter, 92 N. Y. 76, 80; Pierson v. McCurdy, 61 How. Prac. 134.

The plaintiff contends that the defendants Bayles and Sumner are liable to account in this action, as well as the corporation, for the amount paid on the subscription. In view of my conclusion, it is not necessary to decide the question.

Demurrer overruled, with costs, with leave to defendant to answer in 20 days on payment of costs.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Berry Bros., for appellant.

James McKeen, for respondent.

PER CURIAM. Judgment affirmed, with costs, upon the opinion of the special term.

---

(5 App. Div. 529.)

## SELPHO et al. v. CITY OF BROOKLYN.

(Supreme Court, Appellate Division, Second Department. May 8, 1896.)

1. MUNICIPAL CORPORATIONS—BIDS FOR PUBLIC IMPROVEMENTS—MATERIAL.
　　Laws 1888, c. 583 (Brooklyn City Charter) tit. 13, § 1, provides that whenever any improvement shall be declared necessary the council shall authorize the department of city works to advertise for bids under seal, which bids shall be publicly opened and announced, with the name of the bidder, the amount proposed, "and the names of the sureties." *Held*, that such provision required security to be given with every bid, such security to be a guaranty of the bid as well as of the performance of the contract if awarded to the bidder.

2. SAME—AMOUNT AND FORM OF BOND.
　　Where a city charter required security to be given by a bidder for public improvements, but there is no provision as to the amount of the bond, or as to its form, or whether it was to be furnished with the bid, or after its acceptance, regulation of such matter is left to the officers who are to receive the bid.

Appeal from city court of Brooklyn, trial term.

Action by Edwin P. Selpho and William E. Selpho against the city of Brooklyn to recover the sum of $1,924.60, with interest, being the amount claimed to have been paid by plaintiffs for certain assess-